IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00236-EWN-MEH

STEPHANIE TROUT,

    Plaintiff,

vs.

NATIONWIDE MUTUAL INSURANCE COMPANY,

    Defendant.

_____

**ORDER ON DEFENDANT'S MOTION TO COMPEL**
_____

Defendant has filed a Motion to Compel (Docket #27) ("Motion to Compel"). The matter is briefed, and oral argument would not materially assist the Court in adjudicating it. For the reasons stated below, the Court **grants in part** and **denies in part** the Motion to Compel.

**I.**    **Facts**

Plaintiff was injured in a car accident. She was a passenger in the car. Defendant insured the car's driver. Plaintiff sued the driver in a state court action for damages. Plaintiff's counsel, James Leventhal, had a conversation with the driver's attorney as to whether Defendant would offer its $100,000 policy limit in the case. At that time, by any objective standard, Plaintiff's damages far exceeded that amount. Leventhal sent a follow-up letter reiterating his "request" that Defendant state whether it was "going to offer the $100,000." Defendant eventually agreed to pay $100,000 subject to certain conditions, including broad release language relating to persons or entities other than

Defendant. Plaintiff rejected the conditional offer and proceeded to trial against the driver, obtaining $640,000 in damages. This left the driver's personal resources exposed to the excess verdict. Plaintiff now sues Defendant for bad faith breach of insurance contract under an assignment of rights from the driver (attained through a "Bashor agreement").

The issue before the Court is Defendant's effort to obtain documents from Mr. Leventhal's litigation file concerning his conversations with Plaintiff, specifically the scope of the authority Mr. Leventhal had to demand and accept a policy limit offer from Defendant prior to the trial in the state court action. Defendant contends that an essential element of Plaintiff's case requires her to establish that she authorized Mr. Leventhal to make and accept a full coverage offer from Defendant. Defendant contends that the deposition testimony of Plaintiff and Mr. Leventhal is too vague to establish that such authority was ever given. Therefore, Defendant seeks all records of any such grant of authority. Presumably, Mr. Leventhal's litigation file contains such records. Defendant's ultimate position is that Mr. Leventhal so vaguely phrased his "demand" for a full coverage offer from Defendant that he was, in essence, setting up Defendant for a bad faith lawsuit, because that was the only way that Plaintiff could recover more than the $100,000 policy limit, since the driver is judgment proof. Further, Defendant contends that Plaintiff has placed the issue of her communications with Mr. Leventhal at issue in this case.

Plaintiff opposes the Motion to Compel on attorney-client privilege grounds. In addition, Plaintiff contends that Defendant has been able to pursue the issue of authority by taking Plaintiff's and Mr. Leventhal's depositions.

**II.     Discussion**

As an initial matter, Defendant relies on the Colorado Rules of Civil Procedure and related

case law concerning the scope of discovery. The Federal Rules of Civil Procedure govern the scope of discovery, although in diversity cases the Court looks to Colorado law for the parameters of the attorney-client privilege. *E.g.*, *In re Powerhouse Licensing, LLC*, 441 F.3d 467 (6th Cir. 2006); *Baker v. General Motors Corp.*, 209 F.3d 1051 (8th Cir. 2000).

Moreover, in its Motion to Compel Defendant has requested both the privileged and non-privileged portions of Mr. Leventhal's file. Plaintiff represents that the non-privileged portions have been produced. Therefore, the request for non-privileged documents is **denied as moot.**

As to the primary issue presented by the Motion to Compel, the parties' papers demonstrate that in depositions, Plaintiff and Mr. Leventhal have responded to questions concerning the scope of authority that Plaintiff gave Mr. Leventhal to accept offers of settlement. *See* Plaintiff's Response at 7 ("[I]n deposition Nationwide has questioned Trout and Leventhal on the issue of whether Trout gave Leventhal the authority to accept the limits of the Nationwide policy, and they have responded to these inquiries."). The attorney-client privilege appears to have been voluntarily waived regarding this particular topic. Although in answering the depositions questions, Plaintiff's and Mr. Leventhal referenced the privilege, the substance of the details of the scope of authority were revealed. The Court believes that refusing to reveal the underlying communications draws too fine a line. *In re Qwest Communications Int'l, Inc.*, 450 F.3d 1179, 1185 (10th Cir. 2006) ("Because confidentiality is the key to the privilege, '[t]he attorney client privilege is lost if the client discloses the substance of an otherwise privileged communication to a third party.'") (citation omitted).

The attorney-client privilege "embraces all written and oral communications between attorney and client as well as documents entrusted to the attorney by the client in the course of the business for which the attorney was employed." *Blankenship v. Rowntree*, 219 F.2d 597, 599 -600 (10th Cir.

3

1955). An attorney's notes summarizing a communication with his client fall within the privilege. Therefore, to the extent that Plaintiff and Mr. Leventhal have agreed to disclose the substance of their communications concerning Mr. Leventhal's scope of authority through the deposition testimony taken in this case, they must also disclose the substance of those communications as documented in any written form. There is a waiver of the privilege at least to that extent. *United States v. Bernard*, 877 F.2d 1463, 1465 (10th Cir. 1989) (recognizing that a waiver of the attorney-client privilege by disclosure is limited to the subject matter of the information disclosed).

However, Defendant has not established any waiver of Mr. Leventhal's mental processes in evaluating the communications with his client; this is attorney work product, which remains protected. *Cf. Uphohn Co. v. United States*, 449 U.S. 383, 397-99 (1981) (distinguishing notes which record the contents of communications versus notes disclosing an attorney's analysis of those communications). An attorney's notes are analytically divisible and may constitute, alternately, facts that are not protected by any privilege; communications covered by the attorney-client privilege; or thought processes covered by the work-product privilege. *Cf. id.*

Therefore, the Motion to Compel is **granted** only to the extent that the allegedly privileged documents contain or summarize communications with Plaintiff concerning the scope of authority to settle. It is **denied** in all other respects, including discovery of any thought processes of Mr. Leventhal analyzing the issue of the scope of authority. If work product is intermingled with documents reflecting the relevant attorney-client communications, the documents may be carefully redacted.

### III.   Conclusion

Accordingly, for the reasons stated above, it is hereby **ORDERED** that the Defendant's

Motion to Compel [Filed August 2, 2006; Docket #27] is **granted in part** and **denied in part** as directed above.

Dated at Denver, Colorado, this 19th day of September, 2006.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge